FILED IN CHAMBERS
U.S.D.C. - Rome

JUN 19 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

**UNITED STATES OF AMERICA**

-vs-                                    Case No. 4:11-CR-22-01-RLV

**JASON VOTROBEK**

Defendant's Attorney:
**COLETTE STEELE**

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant was found guilty by a jury to Count(s) ONE (1), TWO (2), TWENTY-SIX (26), TWENTY-SEVEN (27), TWENTY-EIGHT (28), TWENTY-NINE (29), and THIRTY-ONE (31) of the Superseding Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 21 U.S.C. §§846, 841(b)(1)(C) | Conspiracy to Possess with Intent to Distribute Oxycodone | 1s |
| 21 U.S.C. §856(a)(1) and 18 U.S.C. §2 | Maintaining a Place for Unlawful Drug Drug Distribution | 2s |
| 18 U.S.C. §1956(h) | Money Laundering Conspiracy | 26s |
| 18 U.S.C. §1956(a)(1)(A)(i) and (2) | Money Laundering | 27s |
| 18 U.S.C. §1956(a)(1)(A)(i) and (2) | Money Laundering | 28s |
| 18 U.S.C. §1956(a)(1)(B)(I) and (2) | Money Laundering | 29s |
| 18 U.S.C. §1957 | Engaging in Monetary Transaction Derived from Unlawful Activity | 31s |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$700** which shall be due immediately.

The Court finds that the defendant does not have the ability to pay a fine or cost of incarceration. The Court will waive the fine and cost of incarceration.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No. 4647
Defendant's Date of Birth: 1983
Defendant's Mailing Address:
Vero Beach, Florida

Date of Imposition of Sentence: June 19, 2014

Signed this the 19th day of June 2014.

_____
ROBERT L. VINING, JR.
UNITED STATES DISTRICT JUDGE

4:11-CR-22-01-RLV : JASON VOTROBEK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **180 months as to Count 1s, 180 months as to Count 2s, concurrent with Count 1s, 180 months as to Count 26s, concurrent with count 1s, 180 months as to Count 27s, concurrent to Count 1s, 180 months as to Count 28s, concurrent to Count 1s, 180 months as to Count 29s, concurrent to Count 1s, and 120 months as to Count 31s, concurrent to Count 1, for a total custody time of 180 months.**

Note: The Government recommended, and the Court imposed, a 2-level downward variance to reflect the proposed amendment to the U.S. Sentencing Guidelines to revise the Drug Quantity Table used in the sentencing guideline for those convicted of drug trafficking offenses. Since the Court has already taken the proposed guideline changes into account by varying downward two levels, the defendant shall not be entitled to any future reduction in his sentence; on the basis of this new guideline change which will be effective on November 1, 2014.

The defendant is remanded to the United States Marshal.

The defendant has requested to be housed in a facility near his home in Florida. The court has no objection.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

4:11-CR-22-01-RLV :JASON VOTROBEK

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE YEARS, as to Counts 1, 2, 26, 27, 28, 29, and 31.**

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state or local crime, shall comply with the standard conditions that have been adopted by this court, and shall comply with the following additional conditions:

1. The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

2. Pursuant to 42 U.S.C. §14135a(d)(1) and 10 U.S.C. § 1565(d), which require mandatory DNA testing for federal offenders convicted of felony offenses, the defendant shall cooperate in the collection of DNA as directed by the probation officer.

4:11-CR-22-01-RLV : JASON VOTROBEK

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

4:11-CR-22-01-RLV : JASON VOTROBEK

## FINE

The defendant is ordered to pay a fine of $50,000 as to Count 1s, $25,000 as to Counts 2s,26s,27s,28s,30s, and 32s, $25,000 as to each count for a total of $200,000.00.

## FORFEITURE

A Preliminary Order of Forfeiture is attached.

FILED IN CHAMBERS
U.S.D.C. - Rome
JUN 1 9 2014
JAMES N. HATTEN, Clerk
          Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JASON VOTROBEK<br><br>Defendant. | Criminal Action No.<br><br>4:11-CR-22-RLV-WEJ |

## PRELIMINARY ORDER OF FORFEITURE

The Jury having found Defendant Jason Votrobek guilty on Counts One, Two, Twenty-Six, Twenty-Seven, Twenty-Eight, Twenty-Nine and Thirty-One of the Indictment, pursuant to which the United States sought forfeiture of certain property under 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1), and the Court having determined that the money judgment described below is subject to forfeiture pursuant thereto, and that the Government has established the requisite nexus between said money judgment and the offenses charged in the Indictment;

IT IS HEREBY ORDERED that Jason Votrobek shall forfeit to the United States the following, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1):

a. A money judgment in the amount of $3,975,308.00, representing the amount of proceeds the Defendant obtained as a result of the offenses to which he was convicted.

IT IS HEREBY FURTHER ORDERED that, upon the entry of this Order, the United States Attorney General or his designee may conduct discovery to identify, locate and facilitate the disposition of property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2(b)(3).

IT IS FURTHER ORDERED that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $3,975,308.00 to satisfy the money judgment in whole or in part.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction in this case for the purpose of enforcing this Order and that pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the Judgment.

SO ORDERED this 19th day of June, 2014.

ROBERT L. VINING, JR.
UNITED STATES DISTRICT JUDGE

Prepared by:

/s/ G. Jeffrey Viscomi
G. Jeffrey Viscomi
Assistant United States Attorney

2