IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA,

v.

ROLAND CASTELLANOS.

CRIMINAL ACTION FILE
NO. 4:11-CR-022-03-HLM-WEJ

ORDER

This case is before the Court on Defendant's Motion Requesting Appointment of Counsel to File His 18 U.S.C. § 3582(c)(2) Motion for a Sentence Modification ("Motion to Appoint Counsel") [481].

Defendant has requested that the Court appoint counsel to represent him in connection with a motion to be filed under 18 U.S.C. § 3582(c)(2) and Amendment 782. (Docket Entry No. 481.) A defendant ordinarily is not entitled to appointed counsel for post-conviction proceedings. See United States v. Webb, 565 F.3d 789, 795 (11th Cir. 2009) (concluding that defendant has no statutory or constitutional right to appointed counsel in connection with proceeding under 18 U.S.C. § 3582(c)); Johnson v. Avery, 393 U.S.

AO 72A
(Rev.8/8

483, 487-88 (1969) (recognizing that federal courts generally appoint counsel to represent defendants in post-conviction proceedings only after petition for post-conviction relief passes initial evaluation and court has determined that issues presented call for evidentiary hearing). Defendant is able to present the merits of his claims to the Court without the assistance of counsel. Under those circumstances, the Court declines to appoint counsel to represent Defendant in connection with his § 3582(c)(2) motion.

ACCORDINGLY, the Court **DENIES** Defendant's Motion to Appoint Counsel [481].[1]

IT IS SO ORDERED, this the 25th day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The United States Attorney's Office and the United States Probation Office are working to determine which defendants are eligible for sentence reductions under Amendment 782. The Federal Defender Program will be appointed to represent each of the eligible defendants.

AO 72A
(Rev.8/8
2)